## INDUSTRIAL COMM et v CONNORS

Ohio Appeals, 2nd Dist, Franklin Co

No 2364. Decided April 3, 1934

Donald Hoskins, Prosecuting Attorney, Columbus, and Joseph E. Bowman, Asst. Pros. Atty., Columbus, for plaintiff in error.

Horace S. Kerr, Columbus, and J. F. O'Rourke, Columbus, for defendant in error.

## OPINION

By HORNBECK, PJ.

In the trial court the defense stressed the claims that Bloomer was not an employer required to insure his salesmen because he did not have three or more regularly employed and that Connors was not injured in the course of his employment. In this court, though not conceding that Connors has established either of the foregoing requisites to participation in the fund, counsel for the Commission devotes most of his attention to the contention that Connors was not an employee of Bloomer but that he was an independent contractor or a sole operator.

One cannot read the record without appreciating that Connors' status with Bloomer is not certain. It is also difficult to determine whether Connors was selling insurance and offering magazines and fountain pen sets in connection therewith or was selling magazines and offering an insurance policy and fountain pen set therewith. However, giving the most favorable intendment to plaintiff to the testimony, though not free from doubt, we believe that he made his case by the requisite degree of proof. Bloomer, no doubt, had the right to discharge Connors; though Connors took part of his compensation from the down payment on the articles sold this was by agreement with and under the direction of Bloomer; Bloomer caused Connors to be specially instructed to do the solicitation in which he was engaged when injured; in a general way Bloomer determined the territory in which Connors and the crew with which he worked should operate. Finally, Bloomer could at any time terminate Connors' employment as a magazine solicitor, as a dispenser of the fountain pen sets and probably as an insurance solicitor. This, as Judge Stephenson says, in **Industrial Commission v Laird, 126 Oh St, 619,** "is absolutely incompatible with the full control of the work enjoyed by an independent contractor, and is a strong circumstance tending to show the subserviency of the employee."

The judgment will be affirmed.

BARNES, J, concurs.